630 F.2d 472
 Samuel Joseph KANASOLA, Jr., Appellant,
v.
Benjamin R. CIVILETTI, Attorney General of the United
States; E. V. Aiken, Warden, Federal Correctional
Institution, Ashland, Kentucky, Appellees.
 No. 80-3206.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 18, 1980.
Decided Oct. 3, 1980.
 
 Peggy E. Purdom, Ashland, Ky., (court-appointed), for appellant.
 John T. Bannon Jr., Earl Kuplan, Dept. of Justice, Washington D.C. for appellee.
 Before WEICK and CELEBREZZE, Circuit Judges and JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant Kanasola has appealed to this court from an order of the District Court denying his application for a writ of habeas corpus. The District Court adopted the Report and Recommendations of its magistrate in a Memorandum Opinion and Order. Appellant is presently confined as a prisoner at the Federal Correctional Institution at Ashland, Kentucky serving a life sentence for murder imposed by the Canadian courts as is authorized by our Treaty with Canada.
 
 
 2
 Appellant, a citizen of the United States had been convicted of murder by a jury in 1975 in the Supreme Court of the Yukon Territory, Canada, and was sentenced to imprisonment for life. His conviction was affirmed by the Court of Appeals for the Yukon Territory, Canada. He had been provided counsel in the trial and appellate courts but like our practice here there is no requirement for the appointment of counsel in the Supreme Court of Canada. Appellant, however, timely filed a notice of appeal in the Supreme Court of Canada and also applied for the appointment of counsel which application was denied.
 
 
 3
 Appellant learned of the Treaty between the United States and Canada on the Execution of Penal Sentence, the major provisions of which and its implementary legislation, 18 U.S.C. § 4100 et seq. and 18 U.S.C. § 3244(1) include the transfer of prisoners to serve their Canadian sentences in the United States under the direction of the Attorney General; verification proceedings to verify that the offender willingly and knowingly agreed to the transfer to be conducted in the transferring state before a United States Magistrate and with the right to court appointed counsel; exclusive jurisdiction in the courts of the sentencing state to entertain collateral challenges to the foreign convictions.
 
 
 4
 Appellant decided to apply for transfer to the United States under the Treaty to serve his Canadian sentence here. To do so, it was necessary for him to and he did abandon his appeal to the Supreme Court of Canada as transfer under the Treaty was not available until all direct appeals have been exhausted.
 
 
 5
 Appellant, represented by counsel, on October 10, 1978, appeared before a United States Magistrate in Canada at a hearing to determine whether appellant's consent to the transfer was voluntary and was made with full knowledge of its consequences. The Magistrate, after hearing, decided appellant had voluntarily and knowledgeably consented to transfer and appellant signed the verification of consent form which indicated his desire to serve his Canadian sentence in the United States and explained the jurisdictional provisions of the Treaty, granting Canada exclusive jurisdiction over collateral attacks on Canadian convictions and sentences.
 
 
 6
 Appellant wasted no time after his transfer to the Kentucky prison to file his application for a writ of habeas corpus on November 14, 1978 in the federal district court in Kentucky.
 
 
 7
 The applicable provisions of the Constitution, Treaty and Statute are as follows:
 
 
 8
 Art. I. § 9, cl. 2 of the Constitution of the United States provides:
 
 
 9
 The privilege of the Writ of Habeas Corpus shall not be suspended unless when in cases of Rebellion or Invasion the public Safety may require it.
 
 
 10
 Art. V of the Canadian Treaty provides in pertinent part:The Receiving State shall have no jurisdiction over any proceedings regardless of their form, intended to challenge, set aside or otherwise modify convictions or sentences handed down in the Sending State.
 
 
 11
 18 U.S.C. § 3244(1) provides in pertinent part:
 
 
 12
 The country in which the offender was convicted shall have exclusive jurisdiction and competence over proceedings seeking to challenge, modify, or set aside convictions or sentences handed down by a court of such country.
 
 
 13
 Appellant contends that the District Court erred in denying his application for a writ of habeas corpus; that Article V of the Canadian Treaty and its implementing legislation above set forth suspends the writ of habeas corpus thereby denying him habeas corpus review; that his conviction for murder in Canada was illegal and should be set aside because he was denied assistance of counsel in appealing his conviction to the Supreme Court of Canada; that Article V and the implementing legislation are unconstitutional because they preclude him from raising this issue in the courts of the United States.
 
 
 14
 In our opinion these contentions have no merit. The Treaty has a laudable purpose, namely, to permit an American citizen convicted of a crime in a foreign country to serve his sentence in a prison at home where conditions are much better. So long as the appellant remained in the Canadian prison, the United States Courts had no jurisdiction to collaterally review his conviction. The Treaty conferred no such jurisdiction which was reserved expressly by Canada and appellant voluntarily waived any right to collaterally attack his conviction. He is therefore estopped from doing so. Rosado v. Civiletti, 621 F.2d 1179 (2nd Cir. 1980.) Habeas relief was also denied with respect to Americans convicted of crimes in Mexico and serving their sentences in the United States pursuant to a Treaty with Mexico. Pfeifer v. United States, 615 F.2d 873 (9th Cir. 1980).
 
 
 15
 In Swain v. Presley, 430 U.S. 372, 384, 97 S.Ct. 1224, 1231, 51 L.Ed.2d 411 (1976), Burger, C. J. concurring, the scope of the Suspension Clause of the Constitution with respect to habeas corpus relief, should be limited to what was recognized at the time the Constitution was adopted when habeas corpus relief was granted only where the criminal court lacked jurisdiction. Habeas corpus relief to collaterally attack a judgment of conviction was not heard of.
 
 
 16
 The failure of the Supreme Court of Canada to appoint counsel to assist in appellants second appeal, namely, to the Supreme Court of Canada, did not violate his constitutional rights here because if he had been convicted in the United States, he would not have been entitled to court appointed counsel after the first appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Ross v. Moffit, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).
 
 
 17
 The judgment of the District Court is affirmed.
 
 
 
 *
 Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation